CASE NO. 22-11421-U

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

JAMES ERIC MCDONOUGH,

Plaintiff/Appellant,

v.

CARLOS GARCIA,
GARLAND WRIGHT, and
CITY OF HOMESTEAD, FLORIDA,

Defendants/Appellees.

_____

On Appeal from the United States District Court
for the Southern District of Florida
District Court Case No. 1:19-cv-21986-FAM

_____

**EN BANC AMICUS CURIAE BRIEF OF FLORIDA LEAGUE OF CITIES
in support of CITY OF HOMESTEAD, FLORIDA**

**ANTHONY GARGANESE**
Florida Bar No.: 988294
agarganese@orlandolaw.net
**ERIN J. O'LEARY**
Florida Bar No.: 0001510
eoleary@orlandolaw.net
nham@orlandolaw.net
**GARGANESE, WEISS, D'AGRESTA
& SALZMAN, P.A.**
111 N. Orange Avenue, Suite 2000
Orlando, Florida 32801
Tel.: (407) 425-9566
Fax: (407) 425-9596
**Attorneys for Florida League of Cities**

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

## FLORIDA LEAGUE OF CITIES' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Amicus Curiae, Florida League of Cities, by and through undersigned counsel, and pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, hereby submits the names of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, publicly held corporations that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in this case:

a)  Alan Greenstein, P.A. – Counsel for Plaintiff/Appellant;

b)  City of Homestead, Florida – Defendant/Appellee;

c)  Flanigan, Esq., Anne R. – Counsel for Defendants/Appellees;

d)  Garcia, Carlos – Defendant/Appellee;

e)  Garganese, Esq., Anthony - Counsel for Amicus Curiae, Florida League of Cities;

f)  Garganese, Weiss, D'Agresta & Salzman, P.A. – Counsel for Amicus Curiae, Florida League of Cities;

g)  Greenstein, Esq., Alan – Counsel for Plaintiff/Appellant;

h)  Guedes, Esq., Edward G. – Counsel for Defendants/Appellees;

i)  Mandel, Esq., Matthew H. – Counsel for Defendants/Appellees;

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

    j)    McDonough, James Eric – Plaintiff/Appellant;

    k)    Moreno, Hon. Frederico A. – U.S. District Court Judge;

    l)    O'Leary, Esq., Erin J. – Counsel for Amicus Curiae, Florida League of Cities;

    m)    Weiss, Serota, Helfman, Cole & Bierman, P.L., - Counsel for Defendants/Appellees; and

    n)    Wright, Garland – Defendant/Appellee.

2.    The name of every publicly-traded company or corporation that has an interest in the outcome of this case:

Amicus Curiae, the Florida League of Cities, Inc., is a Florida not-for-profit corporation. It has no corporate subsidiaries. Undersigned counsel certifies that at this time, neither undersigned counsel nor Amicus Curiae, Florida League of Cities, is aware of any publicly-traded company or corporation that has an interest in the outcome of this case.

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.:  22-11421-U

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE
STATEMENT .................................................................................C-1

TABLE OF AUTHORITIES .................................................................. ii

STATEMENT OF IDENTITY OF AMICUS CURIAE ..........................................1

STATEMENT RE:  AUTHORING AND FUNDING
OF AMICUS CURIAE BRIEF ...............................................................1

STATEMENT OF THE ISSUE PRESENTED BY AMICUS CURIAE ..................2

SUMMARY OF THE ARGUMENT....................................................................2

ARGUMENT..................................................................................................3

    MUNICIPAL MEETINGS WOULD BECOME "FREE-FOR-ALLS"
    IF THEY ARE DEEMED TO BE ANYTHING OTHER THAN
    LIMITED PUBLIC FORUMS. ....................................................3

    Designated Public Forums ..........................................................4

    Limited Public Forums .................................................................6

    This Court Should Deem Municipal Government Meetings to Be
    Limited Public Forums .................................................................6

    Municipal Governments Would Suffer Severe Consequences If Their
    Meetings Were Deemed Anything Other Than Limited Public Forums........7

CONCLUSION ................................................................................16

CERTIFICATE OF COMPLIANCE ...................................................16

CERTIFICATE OF SERVICE.............................................................17

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.:  22-11421-U

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adderley v. Florida*,
    385 U.S. 39 (1966)............................................................10

*Alimenti v. Town of Howey-in-the-Hills, Fla.*,
    No. 5:20-CV-386-CEH-PRL,
    2023 WL 2598662 (M.D. Fla. Mar. 22, 2023) .................................... 8

*Barrett v. Walker Cnty. Sch. Dist.*,
    872 F.3d 1209 (11th Cir. 2017)................................................12, 13

*Cardinale v. City of Atlanta*,
    No. 21-10958, 2022 WL 2983366 (11th Cir. Jul. 28, 2022)............................. 7

*Carlow v. Mruk*,
    425 F. Supp. 2d 225 (D.R.I. 2006)...................................................... 9

*City of Austin v. Reagan Nat'l Advertising of Austin,* LLC,
    596 U.S. 61 (2022)...............................................................5, 13

*Cleveland v. City of Cocoa Beach, Fla.*,
    221 F. App'x 875 (11th Cir. 2007) ..............................................4, 8

*Dayton v. Brechnitz*,
    No. 2:20-cv-307-SPC-MRM,
    2021 WL 5163225 (M.D. Fla. Nov. 5, 2021)..........................................8, 11, 12

*Dayton v. City of Marco Island*,
    No. 2:20-cv-307-SPC-MRM,
    2020 WL 2735169 (M.D. Fla. May 26, 2020) .................................... 8

*Galena v. Leone*,
    638 F.3d 186 (3d Cir. 2011)............................................................. 9

*Good News Club v. Milford Central School*,
    533 U.S. 98 (2001) ................................................................................ 7

*Greer v. Spock*,
    424 U.S. 828 (1976) ..............................................................................10

*Griffin v. Bryant*,
    30 F. Supp. 3d 1139 (D.N.M. 2014) .................................................... 9

*Herrin v. City of Deltona*,
    121 So. 3d 1094 (Fla. Dist. Ct. App. 2013) .................................11, 15

*Holeton v. City of Livonia*,
    935 N.W.2d 601 (Mich. Ct. App. 2019) .............................................. 9

*Jenner v. Sch. Bd. of Lee Cnty., Fla.*,
    No. 2:22-CV-85-SPC-NPM,
    2022 WL 1747522 (M.D. Fla. May 31, 2022) ............................11, 15

*Jones v. Heyman*,
    888 F.2d 1328 (11th Cir. 1989) ......................................3, 4, 10, 14, 15

*Keister v. Bell*,
    29 F.4th 1239 (11th Cir. 2022) ........................................................5, 6

*McDonough v. Garcia*,
    90 F.4th 1080 (11th Cir.) ..........................................................3, 4, 5, 7

*McGill v. MacFarlane*,
    No. 5:21-CV-480-CEH-PRL,
    2024 WL 1328444 (M.D. Fla. Mar. 28, 2024) ................................... 8

*Perry Education Ass'n v. Perry Local Educators' Ass'n*,
    460 U.S. 37 (1983) ...........................................................................5, 13

*Pleasant Grove City, Utah v. Summum*,
    555 U.S. 460 (2009) .............................................................................. 5

*Reed v. Town of Gilbert, Arizona*,
   576 U.S. 155 (2015)......................................................................5, 13

*Reza v. Pearce*,
   806 F.3d 497 (9th Cir. 2015) ............................................. 8

*Rowe v. City of Cocoa, Fla.*,
   358 F.3d 800 (11th Cir. 2004)..............................................2- 4, 7-10, 12, 14, 15

*Smith v. City of Middletown*,
   No. 3:09-CV-1431 JCH,
   2011 WL 3859738 (D. Conn. Sept. 1, 2011)...................................... 9

*Steinburg v. Chesterfield Cnty. Plan. Comm'n*,
   527 F.3d 377 (4th Cir. 2008) .............................................11

*Thomas v. Howze*,
   348 F. App'x 474 (11th Cir. 2009) ................................... 8

*Tisdale v. Gravitt*,
   51 F. Supp. 3d 1378 (N.D. Ga. 2014) .................................. 8

*Walker v. Texas Div., Sons of Confederate Veterans, Inc.*,
   576 U.S. 200 (2015)........................................................4, 7

*Wenthold v. City of Farmers Branch, Texas*,
   No. 3:11-CV-0748-B,
   2012 WL 467325 (N.D. Tex. Feb. 14, 2012) ................................... 9

*Williams-Yulee v. Florida Bar*,
   575 U.S. 433 (2015)......................................................5, 13

## **Statutes**

Fla. Stat. § 166.041(1) (2023) ......................................................11, 15

Fla. Stat. § 286.011(1)..............................................................11

Fla. Stat. § 286.0114  .................................................................11, 15

iv

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.:  22-11421-U

Fla. Stat. § 286.0114(2) ...........................................................................11

Fla. Stat. § 286.0114(2) (2023) ...............................................11, 12, 15

Fla. Stat. § 286.0114(4) (2023) ...........................................................12

## **Rules**

11th Cir. R. 26.1-1 ................................................................................C-1

11th Cir. R. 35-7 ....................................................................................16

11th Cir. R. 35-8 ....................................................................................16

Fed. R. App. P. 26.1 .............................................................................C-1

Fed. R. App. P. 29(a)(5) ........................................................................16

Fed. R. App. P. 32(a)(5) ........................................................................17

Fed. R. App. P. 32(a)(6) ........................................................................17

Fed. R. App. P. 32(g)(1) ........................................................................16

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.:  22-11421-U

## STATEMENT OF IDENTITY OF AMICUS CURIAE

Amicus Curiae, the Florida League of Cities, Inc. ("FLC"), is a Florida not-for-profit corporation.  It has no corporate subsidiaries.  For more than 100 years, the FLC has been the united voice for Florida's municipalities.  The FLC is presently composed of more than 400 cities, towns, and villages in the State of Florida.  The principal purposes of the FLC are the general improvement of municipal government, the efficient administration of municipal government in the State of Florida, and the promotion of the welfare of the citizens of the respective local governments of the State.  The FLC periodically files amicus curiae briefs on issues that are of fundamental importance to the FLC's membership.  This case is one of such cases because the public meetings of the elected governing bodies of cities, towns, and villages (hereinafter referred to as "city council meetings") are the means by which the elected municipal officials (hereinafter referred to as "city councils") conduct the business of their respective municipalities.  The ability of city councils to control their own meetings is of utmost importance to Florida's municipalities and to the FLC.

## STATEMENT RE:  AUTHORING AND FUNDING
## OF AMICUS CURIAE BRIEF

Undersigned counsel for the FLC were the sole authors of this brief.  Counsel for the City of Homestead did not assist in the writing of this brief in any way

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

whatsoever.  The expenses incurred in preparing and submitting this brief have been

funded entirely by the FLC.  Neither the City of Homestead, its counsel, nor any

other individual or entity contributed any money that was intended to fund the

preparation or submittal of this brief.

### STATEMENT OF THE ISSUE PRESENTED BY AMICUS CURIAE

The FLC will address herein the negative consequences to municipal

governments statewide of having their meetings declared to be something other than

limited public forums.

### SUMMARY OF THE ARGUMENT

For over twenty years, courts in Florida and across the United States have, in

reliance upon this Court's ruling in *Rowe v. City of Cocoa, Fla.*, 358 F.3d 800, 802

(11th Cir. 2004), either declared, or simply assumed, that city council meetings are

limited public forums and that regulations on speech at said meetings must be

reasonable and viewpoint neutral.  A ruling that city council meetings are not limited

public forums, but instead are designated public forums, would not only undermine

those many rulings, but would also require regulations on said speech to be able to

withstand the onerous strict scrutiny applicable to designated public forums.  Many

basic regulations on speech imposed by city councils across the State of Florida

simply would not pass that level of scrutiny because they are undeniably content-

based.  Without those regulations, city councils would be unable to conduct business

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

in an orderly and efficient manner because they could not regulate irrelevant debate and disruptive behavior at their public meetings. Meetings would drag on interminably, and constituents would be denied the opportunity to voice their opinions on the business at hand.

This Court should recognize that the primary purpose of city council meetings is to conduct the city's business, and that they are limited public forums. This Court should further conclude that in such a forum, regulations on speech should be reviewed under the reasonableness standard, regardless of whether they are content-based or content-neutral, so long as they are viewpoint neutral.

## ARGUMENT

### MUNICIPAL MEETINGS WOULD BECOME "FREE-FOR-ALLS" IF THEY ARE DEEMED TO BE ANYTHING OTHER THAN LIMITED PUBLIC FORUMS.

In its opinion in this matter, this Court declared that under its prior-panel precedent rule, this Court may not deem the City of Homestead's ("City's") city council meeting a limited public forum as held in *Rowe*, 358 F.3d at 802, because the Court is instead required to follow its holding in *Jones v. Heyman*, 888 F.2d 1328, 1331 (11th Cir. 1989), and deem the City's city council meeting a designated public forum.[1] *McDonough v. Garcia*, 90 F.4th 1080, 1092–1093 (11th Cir.), *reh'g en banc*

---

[1] In *Jones*, 888 F.2d at 1331, this Court deemed a city commission meeting a designated public forum and held that content-based restrictions were subject to

3

*granted, opinion vacated,* 93 F.4th 1220 (11th Cir. 2024).  This Court reasoned that

it is bound by the holding of *Jones* under the prior-panel precedent rule because the

panel that decided *Jones* was the first panel to opine on the type of public forum that

city council meetings are, and that *Jones* must be followed unless and until it is

overruled by either the Supreme Court or this Court en banc.  *McDonough*, 90 F.4th

at 1092–93.  Fortunately, this Court has vacated that decision and is reconsidering

this matter en banc for the apparent purposes of declaring:  (1) whether city council

meetings are designated public forums or limited public forums, and (2) which test

applies to the restrictions placed upon speech at said meetings.

## Designated Public Forums

A designated public forum is "government property that has not traditionally

been regarded as a public forum [but] is intentionally opened up for that purpose."

*Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200, 215 (2015);

---

strict scrutiny, while content-neutral, time, place, and manner restrictions needed to
be "narrowly drawn to achieve a significant government interest" and "allow
communication through other channels."  *Id.*  In *Rowe*, this Court held that city
council meetings are limited public forums, but applied the designated public forum
analysis to restrictions on speech at said meetings instead of the reasonableness
analysis that is utilized for limited public forums.  *See Rowe*, 358 F.3d at 802-03.
This Court did not mention in its now vacated opinion in this matter that in *Cleveland
v. City of Cocoa Beach, Fla.*, 221 F. App'x 875, 878 (11th Cir. 2007), this court
reaffirmed *Rowe*'s holding that city council meetings are limited public forums, but
in accordance with the correct standard for limited public forums, held that
regulations on speech at said meetings are subject to a reasonableness review.  *Id.*

4

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

*Keister v. Bell*, 29 F.4th 1239, 1251, n.7 (11th Cir. 2022), *cert. denied,* 143 S. Ct.

1020, 215 L. Ed. 2d 188 (2023).   A government's authority to limit speech in a

designated public forum is "quite limited."   *McDonough*, 90 F.4th at 1087.

"Government restrictions on speech in a designated public forum are subject to the

same strict scrutiny as restrictions in a traditional public forum."   *Pleasant Grove*

*City, Utah v. Summum*, 555 U.S. 460, 469–70 (2009).

In a traditional public forum, a *content neutral* restriction on speech must be

narrowly tailored to serve a significant government interest and leave open ample

alternative channels of communication.   *City of Austin v. Reagan Nat'l Advertising*

*of Austin,* LLC, 596 U.S. 61, 73-74 (2022); *Perry Education Ass'n v. Perry Local*

*Educators' Ass'n*, 460 U.S. 37, 45-46 (1983).   To be "content neutral," the speech

restriction cannot target speech based on a particular topic discussed or on the idea

or message expressed.   *City of Austin*, 596 U.S. at 73-74   (citing *Reed v. Town of*

*Gilbert, Arizona*, 576 U.S. 155, 171 (2015)).   For a governmental entity to enforce a

*content-based* restriction on speech in a traditional public forum, the governmental

entity must show that the restriction furthers a compelling governmental interest and

is narrowly tailored to achieve that interest.   *Reed*, 576 U.S. at 171 (citations

omitted); *Perry*, 460 U.S. at 45.   However, "'it is the rare case' in which a State

demonstrates that a speech restriction is narrowly tailored to serve a compelling

interest." *Williams-Yulee v. Florida Bar*, 575 U.S. 433, 444 (2015) (citations omitted).

## Limited Public Forums

In contrast, as this Court explained in *Keister*, 29 F.4th 1239, a limited public forum:

> describes government property where only particular subjects may be discussed or that only certain groups may use. In other words, a limited public forum is not open to the public at large for discussion of any and all topics. The government may exclude a speaker from a limited public forum if he is not a member of the class of speakers for whose especial benefit the forum was created. **When the forum is a limited public one, regulations on speech must be only reasonable and viewpoint neutral.** We assess reasonableness by looking to the purpose of the forum and all the surrounding circumstances.

*Keister*, 29 F.4th at 1252 (emphasis added) (citation omitted).

Thus, the determination of whether a municipal government meeting is a designated public forum or a limited public forum is extremely important to municipalities because it determines whether regulations on speech must only be reasonable and viewpoint neutral or whether they are subject to onerous strict scrutiny review.

## This Court Should Deem Municipal Government Meetings to Be Limited Public Forums

As this Court recognized in its now vacated opinion in this matter, "[u]nder the Supreme Court's current framework, because the city council's meeting

6

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.:  22-11421-U

procedures limit the public comment period to matters 'pertinent to the City,' it would appear that the city council meeting is a limited public forum" and "[i]n such a forum, the less exacting reasonableness analysis should apply, whether for content-based or content-neutral restrictions, so long as those restrictions are viewpoint neutral." *McDonough*, 90 F. 4th at 1092 (quoting *Walker*, 576 U.S. at 215 and citing *Good News Club v. Milford Central School*, 533 U.S. 98, 106-107 (2001)).  For the reasons expressed in the City of Homestead's En Banc Brief, this Court should follow "the Supreme Court's current framework" and hold that municipal government meetings are limited public forums and that limitations on speech at said meetings are subject to reasonableness review.

## **<u>Municipal Governments Would Suffer Severe Consequences If Their Meetings Were Deemed Anything Other Than Limited Public Forums</u>**

The designation of municipal government meetings as anything other than limited public forums would have immense consequences on municipal governments.  To begin with, since *Rowe* declared city council meetings to be limited public forums, this Court, as well as other courts in Florida and across the country, have followed *Rowe* and likewise declared that city council meetings are limited public forums.  *See, e.g., Cardinale v. City of Atlanta*, No. 21-10958, 2022 WL 2983366 (11th Cir. Jul. 28, 2022) (unpublished opinion) (holding that in applying the reasonableness standard applicable to limited public forums, the district court

7

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.:  22-11421-U

correctly upheld the City's policy prohibiting candidates for public office from identifying themselves as such during the public comment period at meetings of the city council and its committees); *Thomas v. Howze*, 348 F. App'x 474, 478 (11th Cir. 2009) (unpublished opinion) ("city commission meetings are 'limited public fora'"); *Cleveland*, 221 F. App'x at 878 (unpublished opinion) ("The district court correctly found that the city council meeting constituted a limited public forum where subjects of discussion were limited to those relevant to city business."); *McGill v. MacFarlane*, No. 5:21-CV-480-CEH-PRL, 2024 WL 1328444, at *13 (M.D. Fla. Mar. 28, 2024) (recognizing agreement between the parties that "town council meetings are a limited public forum."); *Alimenti v. Town of Howey-in-the-Hills, Fla.*, No. 5:20-CV-386-CEH-PRL, 2023 WL 2598662, at *11 (M.D. Fla. Mar. 22, 2023) (recognizing that "the parties agree that the town council meetings were limited public fora") (citations omitted); *Dayton v. Brechnitz*, No. 2:20-cv-307-SPC-MRM, 2021 WL 5163225 (M.D. Fla. Nov. 5, 2021) (citing *Rowe* and acknowledging that all parties agreed that the "Citizens' Comments" segment of the city council meetings were limited public forums); *Dayton v. City of Marco Island*, No. 2:20-cv-307-SPC-MRM, 2020 WL 2735169, *2 (M.D. Fla. May 26, 2020) (collecting cases and concluding "[a] city council meeting is typically a limited public forum"); *Tisdale v. Gravitt*, 51 F. Supp. 3d 1378, 1388 (N.D. Ga. 2014) (citing *Rowe* for the principle that "[t]he Eleventh Circuit has held that city council meetings are 'limited'

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

public fora"); *Reza v. Pearce*, 806 F.3d 497, 502-503 (9th Cir. 2015) (stating that city council meetings are dedicated solely to the discussion of certain topics and, therefore, are limited public forums); *Galena v. Leone*, 638 F.3d 186, 199 (3d Cir. 2011) (citing *Rowe* and recognizing that city council meetings are limited public fora); *Griffin v. Bryant*, 30 F. Supp. 3d 1139, 1180 (D.N.M. 2014) (collecting cases, including *Rowe*, and recognizing that the Fourth, Fifth, Ninth, and Eleventh Circuits have all held that municipal governing body meetings, and the public input portions in particular, are limited public forums); *Wenthold v. City of Farmers Branch, Texas*, No. 3:11-CV-0748-B, 2012 WL 467325, at *8 (N.D. Tex. Feb. 14, 2012), *aff'd sub nom. Wenthold v. City of Farmers Branch, Tex.*, 532 F. App'x 474 (5th Cir. 2013) (relying in part upon *Rowe* to conclude that the public comment period of the City Council meeting at issue therein was a limited public forum); *Smith v. City of Middletown*, No. 3:09-CV-1431 JCH, 2011 WL 3859738, at *4 (D. Conn. Sept. 1, 2011), *aff'd sub nom. Smith v. Santangelo*, 518 F. App'x 16 (2d Cir. 2013) (recognizing that "numerous courts [including this Court in *Rowe*] have held that city council meetings which have been opened to the public are limited public fora); *Carlow v. Mruk*, 425 F. Supp. 2d 225, 243 (D.R.I. 2006) (recognizing *Rowe*'s holding that "the City Council's Rules of Procedure on their face are a permissible limitation of speech to non-residents at the limited public forum of a City Council meeting"); *Holeton v. City of Livonia*, 935 N.W.2d 601, 606 (Mich. Ct. App. 2019) (recognizing

9

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

that the city's Infrastructure Committee meetings were a limited public forum).

Declaring city council meetings to be anything other than limited public forums

would undermine not only numerous decisions from the Eleventh Circuit and the

district courts within its jurisdiction, but also the decisions of courts from many other

jurisdictions nationwide that relied upon *Rowe* as persuasive authority.

In addition, it is well-established that a municipal government, "no less than

a private owner of property, has power to preserve the property under its control for

the use to which it is lawfully dedicated." *Greer v. Spock*, 424 U.S. 828, 836 (1976)

(quoting *Adderley v. Florida*, 385 U.S. 39, 47 (1966)).  And, it is well-established

that "[c]ity council meetings are held to conduct business meetings for the [c]ity and

its residents" and that cities have a "significant governmental interest in conducting

orderly, efficient meetings."  *Rowe*, 358 F.3d at 803 (citing *Jones*, 888 F.2d at 1332).

In *Jones*, this Court recognized that:

> the mayor's interest in controlling the agenda and preventing the
> disruption of the commission meeting [were] sufficiently significant to
> satisfy this governmental interest prong of the analysis. . . .  [T]he
> mayor certainly had an important interest in confining Jones to the topic
> at hand and in preventing disruption of the meeting. To hold
> otherwise—to deny the presiding officer the authority to regulate
> irrelevant debate and disruptive behavior at a public meeting—would
> cause such meetings to drag on interminably, and deny others the
> opportunity to voice their opinions.

*Jones*, 888 F.2d at 1333.  Indeed, each city council meeting has specific business to

be conducted that is enumerated on an agenda, which serves as the script of the

10

subjects to be discussed and/or decided at that particular meeting.  Furthermore,

under Florida law, "[m]embers of the public shall be given a reasonable opportunity

to be heard on a proposition before a board or commission."  Fla. Stat. § 286.0114(2)

(2023).  *See also Herrin v. City of Deltona*, 121 So. 3d 1094, 1097 (Fla. Dist. Ct.

App. 2013) ("Section 286.0114 . . . specifically provides, with limited exceptions,

that the public be allowed a reasonable opportunity to be heard on a proposition

before a board or commission."); *Jenner v. Sch. Bd. of Lee Cnty., Fla.*, No. 2:22-CV-

85-SPC-NPM, 2022 WL 1747522, at *6 (M.D. Fla. May 31, 2022) ("Floridians have

a state-law right to address the Board before action on certain decisions.") (quoting

Fla. Stat. § 286.0114(2) and citing Fla. Stat. § 286.011(1)).  Additionally,

municipalities must routinely conduct public hearings on certain matters such as

adoption of ordinances, and must take public input at those hearings.  *See* Fla. Stat.

§ 166.041 (2023).

Coupled with those statutory requirements is the premise that municipal

governments have "a significant interest in maintaining civility and decorum during

the public comment sessions of [their] public meetings, both to ensure the efficient

conduct of the people's business and to maximize citizen participation in the

discussion." *Dayton*, 2021 WL 5163225, at *8 (quoting *Steinburg v. Chesterfield

Cnty. Plan. Comm'n*, 527 F.3d 377, 387 (4th Cir. 2008)).  The purpose of Council

meetings is not to air personal grievances with Councilmembers; it is to conduct

Council business. *Dayton*, 2021 WL 5163225, at *8 (citing *Rowe*, 358 F.3d at 803

("As a limited public forum, a city council meeting is not open for endless public

commentary speech but instead is simply a limited platform to discuss the topic at

hand.")). To that end, § 286.0114(2) further provides:

> This section does not prohibit a board or commission from maintaining
> orderly conduct or proper decorum in a public meeting. The opportunity
> to be heard is subject to rules or policies adopted by the board or
> commission, as provided in subsection (4).

Fla. Stat § 286.0114(2) (2023). Subsection (4) provides:

> (4)  Rules or policies of a board or commission which govern the
> opportunity to be heard are limited to those that:
> (a)  Provide guidelines regarding the amount of time an individual has
> to address the board or commission;
> (b)  Prescribe procedures for allowing representatives of groups or
> factions on a proposition to address the board or commission, rather
> than all members of such groups or factions, at meetings in which a
> large number of individuals wish to be heard;
> (c)  Prescribe procedures or forms for an individual to use in order to
> inform the board or commission of a desire to be heard; to indicate his
> or her support, opposition, or neutrality on a proposition; and to indicate
> his or her designation of a representative to speak for him or her or his
> or her group on a proposition if he or she so chooses; or
> (d)  Designate a specified period of time for public comment.

Fla. Stat. § 286.0114(4) (2023).

Under the reasonableness review applicable to limited public forums, not all

restrictions on speech must be content-neutral because the forum is not open to the

public at large for discussion of any and all topics. *Barrett v. Walker Cnty. Sch. Dist.*,

872 F.3d 1209, 1224 (11th Cir. 2017). Therefore, content-based restrictions on

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

expression in a limited public forum are permitted if they are viewpoint-neutral and reasonable, given the forum's purpose. *See id.* at 1225.

If municipal government meetings are deemed designated public fora, under the Supreme Court's holding in *Reed*, in order for any restriction on speech to have any viable chance of being upheld, the restriction could not target speech based on a particular topic or idea or message expressed, and must be narrowly tailored to serve a significant government interest and leave open ample alternative channels of communication.  *City of Austin*, 596 U.S. at 73-74 (citing *Reed*, 576 U.S. at 171); *Perry Educ. Ass'n*, 460 U.S. at 45–46.  *See also Williams-Yulee*, 575 U.S. at 444 (citations omitted).  Most of the restrictions that municipal governments ordinarily impose on public comment segments of their public meetings would not survive that scrutiny.  Restrictions such as time limits on speakers on certain topics, the prohibition of bringing banners or signs of any sort into the chambers, and the prohibition on the use of audible electronic devices, blinking lights, or displays would survive.  However, the agenda itself would be undermined if the city council could not control the business to be conducted.  And, the following restrictions commonly implemented by municipal governing bodies would not survive:

- Limiting residents and taxpayers to speaking only on matters of public concern;

13

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

- Limiting utility customers to speaking only on matters related to their utility service or billing;

- Limiting employees to speaking only on matters related to their public employment;

- Limiting non-residents (that are not utility customers or employees) to speaking only on matters related to a "proposition," which is essentially an item or topic already on the agenda for discussion;

- Prohibiting speakers from addressing individual councilmembers, and instead requiring them to address the council as the governing body;

- Prohibiting profanity and disparaging language; and

- Prohibiting campaign speeches.

Under the strict scrutiny designated public forum test, these types of restrictions would undoubtedly be deemed content-based restrictions because they limit the speech based upon the message expressed by the speaker. If these types of restrictions were no longer permissible, individuals could monopolize the public comment portion of municipal meetings or even use them as a bully pulpit. Meetings would be disorganized and unfocused, and would drag on unnecessarily. Furthermore, the premise stated in *Rowe* that "[o]ne recognized way to conduct orderly, efficient meetings under *Jones* is for public bodies, such as a city council,

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

to confine their meetings to specified subject matter" would no longer be valid. *See Rowe*, 358 F.3d at 803 (citing *Jones*, 888 F.2d at 1333).

If city councils and other elected governing bodies of municipal governments are no longer permitted to control public comment based upon specified subject matter, they will lose the ability to control the relevancy of public discussion and debate at their business meetings. Consequently, those business meetings at which the elected governing body conducts municipal business would become free-for-alls and their handling of the people's business in a timely and efficient manner would suffer.

The only option to avoid that result would be to foreclose all public comment on all topics. That, however, is not permissible in all instances because under Florida Statutes § 286.0114, "[m]embers of the public shall be given a reasonable opportunity to be heard on a proposition before a board or commission." Fla. Stat. § 286.0114(2) (2023); *see also Herrin*, 121 So. 3d at 1097; *Jenner*, 2022 WL 1747522, at *6. Additionally, municipalities must routinely conduct public hearings on certain matters such as adoption of ordinances, and must take public input at those hearings. *See* Fla. Stat. § 166.041 (2023). Furthermore, precluding all public comment on matters where it is not statutorily required would deny the municipal governing body, citizens, and taxpayers the benefit of the meaningful and beneficial input on matters within the purview of the city council that many individuals would

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

have provided had they been permitted to speak on specifically delineated topics. Such a result would have severe negative consequences on municipal government throughout the State of Florida. To avoid these consequences, this Court should deem city council meetings limited public forums and reiterate the well-stated principle that municipalities may impose reasonable measures to control decorum and limit discourse at said meetings.

## CONCLUSION

Based upon the foregoing, Amicus Curiae, the Florida League of Cities, respectfully requests that this Honorable Court hold that municipal meetings are limited public forums. Additionally, the FLC requests that this Court hold, in accordance with the standards for the restriction of speech in limited public forums, that municipalities may impose reasonable measures to control decorum and limit discourse at said meetings and thereby maintain control of said meetings so that they can fulfill their primary purpose, which is to conduct the municipality's business in an efficient and orderly manner.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), this document complies with the page limitation of Fed. R. App. P. 29(a)(5),  11th Cir. R. 35-7, 11th Cir. R. 35-8, and the 11th Cir. Briefs Checklist because it contains 5,086 words in its entirety.

16

JAMES MCDONOUGH V. CARLOS GARCIA, ET AL.
APPEAL NO.: 22-11421-U

This document complies with the type-style requirements of Fed. R. App. P.

32(a)(6) and with the typeface requirements of Fed. R. App. P. 32(a)(5) because it

has been prepared in Times New Roman 14-point Font, which is a proportionally

spaced typeface.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of May, 2024, this document was filed with the Clerk of this Court via the ECF electronic-filing system, and that a true and correct copy of the foregoing was served via email on: **Alan Greenstein, Esq.**, Counsel for Appellant, at agreenstein004@hotmail.com, and **Edward G. Guedes, Esq., Matthew Mandel, Esq., and Anne R. Flanigan, Esq.**, Counsel for Appellees, City of Homestead, Garland Wright, and Carlos Garcia, at eguedes@wsh-law.com, szavala@wsh-law.com, mmandel@wsh-law.com, lbrewley@wsh-law.com, and aflanigan@wsh-law.com.

_/s/  Erin J. O'Leary_
**ANTHONY GARGANESE**
Florida Bar No.:  988294
agarganese@orlandolaw.net
**ERIN J. O'LEARY**
Florida Bar No.:  0001510
eoleary@orlandolaw.net
nham@orlandolaw.net
**GARGANESE, WEISS, D'AGRESTA**
**& SALZMAN, P.A.**
111 N. Orange Avenue, Suite 2000
Orlando, Florida  32801
Tel.: (407) 425-9566
Fax:  (407) 425-9596
**Attorneys for Florida League of Cities**
