CASE NO. 22-11421-U

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

JAMES ERIC McDONOUGH

*Plaintiff-Appellant*

v.

CITY OF HOMESTEAD, FLORIDA
GARLAND WRIGHT
CARLOS GARCIA

*Defendants-Appellees*

Appeal from the United States District Court
for the Southern District of Florida

District Court Case Number 19-cv-21986-FAM

_____

APPELLANT'S EN BANC REPLY BRIEF

_____

Alan Greenstein
8121 S.W. 138th St.
Palmetto Bay, Fl. 33158
305-772-7083

*Attorney for Appellant*
James Eric McDonough

*James McDonough v. Carlos Garcia, et al., Case No. 22-11421-U*

# STATEMENT OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant does not have a parent corporation and is not a publicly held corporation.

Interested parties are as follows:

Bell, Daniel; Chief Deputy Solicitor General of Florida, Amicus Curiae

City of Homestead, Florida; Defendant-Appellee

Flanagan, Anne; Weiss, Serota, Helfman, Cole & Bierman, P.L., Attorney for the Defendants-Appellees

Florida League of Cities, Amicus Curiae

Garganese, Anthony; Garganese, Weiss, D'Agresta & Salzman, P.A., Amicus Curiae

Garcia, Carlos; Defendant-Appellee

Golembiewski, Kevin A.; Deputy Solicitor General of Florida, Amicus Curiae

Greenstein, Alan; Attorney for the Plaintiff-Appellant

Guedes, Edward G.; Weiss, Serota, Helfman, Cole & Bierman, P.L., Attorney for the Defendants-Appellees

Mandel, Matthew; Weiss, Serota, Helfman, Cole & Bierman, P.L., Attorney for the Defendants-Appellees

McDonough, James Eric; Plaintiff-Appellant

Moody, Ashley; Attorney General of Florida, Amicus Curiae

Moreno, Hon. Frederico A.; U.S. District Court Judge

O'Leary, Erin J., Garganese, Weiss, D'Agresta & Salzman, P.A., Amicus Curiae

State of Florida, Amicus Curiae

Whitaker, Henry C.; Solicitor General of Florida, Amicus Curiae

Wright, Garland; Defendant-Appellee

## TABLE OF CONTENTS

STATEMENT OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT..................................................................................................C1

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES............................................................................ii

ARGUMENT....................................................................................................1

I.     THE HOMESTEAD CITY COUNCIL MEETING IS A LIMITED PUBLIC FORUM AND ANY RESTRICTION ON SPEECH MUST BE VIEWPOINT NEUTRAL AND REASONABLE IN LIGHT OF THE PURPOSE OF THE FORUM……………………………..……………………………………….1

II.    THE INDETERMINATE BAN OF DR. McDONOUGH FROM SPEAKING TO THE HOMESTEAD CITY COUNCIL WAS VIOLATIVE OF THE FIRST AMENDMENT……………………………………………...…1

    A.    The Court, sitting en banc, should rule on the constitutionality of the trespass order imposed on Dr. McDonough……………...………..………1

    B.  The trespass order, although viewpoint neutral, was unreasonable in light of the purpose of the forum……………………………………...……3

CERTIFICATE OF COMPLIANCE……………………………..………....6

CERTIFICATE OF SERVICE…………………………………………..…7

## **TABLE OF AUTHORITIES**

## **Cases**

*Mama Bears of Forsyth Cnty*. v. McCall, 642 F. Supp 3d 1338 (N.D. Ga. 2022)…...4

*Martin v. Heckler*, 773 F.2d 1145 (11th Cir. 1985), *disapproved of on other grounds by Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782 (1989)……..2

*United States v. Padilla*, 415 F.3d 211 (1st Cir. 2005)………………………………2

*Virginia v. Black,* 538 U.S. 343 (2003)……………………………….....…...…4

## **Federal Constitution**

First Amendment………………………………………………………….…....…1,3,6

Fourth Amendment………………………………………………………………3

## **Rules of Court**

Federal Rules of Appellate Procedure Rule 29(d)…………………...………….6

Federal Rules of Appellate Procedure Rule 32(a)(5)……………………………..6

Federal Rules of Appellate Procedure Rule 32(a)(6)……………………………..6

Federal Rules of Appellate Procedure Rule 32(a)(7)(B)(iii)………………………...6

Federal Rules of Appellate Procedure Rule 35…………………………………...2

## ARGUMENT

**I.    THE HOMESTEAD CITY COUNCIL MEETING IS A LIMITED PUBLIC FORUM AND ANY RESTRICTION ON SPEECH MUST BE VIEWPOINT NEUTRAL AND REASONABLE IN LIGHT OF THE PURPOSE OF THE FORUM.**

The parties were asked to address two questions for resolution by the Court sitting en banc. First, what kind of public forum are the City of Homestead's ("City") city-council meetings? Second, what legal test applies to speech restrictions within that kind of forum? Both parties, as well as the amicus curiae, agree that in light of precedents from this Court as well as around the country, the Homestead City Council meeting is a limited public forum. Lesser scrutiny is applied to a speech restriction in that type of forum than in a designated or public forum. The restrictions only need to be viewpoint neutral and reasonable in light of the purpose of the forum. No further briefing is required on those two questions of law.

**II.   THE INDETERMINATE BAN OF DR. McDONOUGH FROM SPEAKING TO THE HOMESTEAD CITY COUNCIL WAS VIOLATIVE OF THE FIRST AMENDMENT.**

**A.   The Court, sitting en banc, should rule on the constitutionality of the trespass order imposed on Dr. McDonough.**

Once the two questions were addressed by the parties, it would be within this Court's discretion sitting en banc to only resolve those issues and remand for the panel to apply the standards delineated to the facts of the case. However, the en banc Court should use its discretion and rule on the constitutionality of the City's indeterminate ban of Dr. McDonough.

1

The City, in its brief, cited *Martin v. Heckler*, 773 F.2d 1145 (11th Cir. 1985), *disapproved of on other grounds by Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989), to support the proposition that the Court's customary practice is not to go beyond the issues specifically requested to be addressed by the parties when sitting en banc. Although that may be true, the full quote from *Martin* is not as limiting as the City proposes.

> It is especially inefficient for the *en banc* court to rule on matters not ruled upon by the district court or a panel of the court, and an *en banc* court should not rule on issues which do not clearly merit consideration under Fed.R.App.P. 35. This is particularly true where the record appears to be insufficient and further facts may need to be developed for a proper determination of the issues. *Id* at 1155.

In this case, both the district court and the panel of this Court have ruled on the constitutionality of the prospective ban imposed on Dr. McDonough. The record is sufficient for a determination of the issues and no further facts need to be developed. Additionally, as the First Circuit stated in *United States v. Padilla*, 415 F.3d 211, 217 (1st Cir. 2005), "[t]o be sure, the en banc court has discretion to review all the issues presented by an appeal, even though the order convening the en banc court indicates a more isthmian focus." The parties have briefed the issue and there

2

will be oral argument. The Court sitting en banc should rule on whether the City's actions towards Dr. McDonough violated the First Amendment.[1]

### B. The trespass order, although viewpoint neutral, was unreasonable in light of the purpose of the forum.

The purpose of the public comment section of the Homestead City Council meeting is to allow citizens to address their concerns to the elected officials. Dr. McDonough, in his initial brief, outlined a myriad of cases that stand for the proposition that a selective ban of one individual from addressing a City Council meeting (or its equivalent) is unreasonable in light of that purpose. It is unnecessary in this reply brief to repeat and readdress those cases.

The City in its brief was unable to cite any cases that upheld such a ban (indefinite or not) based on one alleged act of disruption. Instead, they claim that the mechanism provided by Sergeant Wright that would enable McDonough to regain permission to speak to the Council, makes the trespass order constitutional. The brief states on page 47, "[g]iven McDonough's behavior at the July 27, 2016, Council meeting and in the lobby of City Hall after being escorted out, the trespass order, which provided a mechanism for being lifted, was a reasonable restriction on McDonough's access to City Hall."

---

[1] The only issue left for the panel to determine is the Appellee's motion for panel rehearing on the Fourth Amendment qualified immunity issue. If it is denied, no further briefings or hearings are required.

First, it should be noted that Dr. McDonough's behavior at the Council meeting (his comments directed to Councilman Maldonado) did not violate the City's Rules of Decorum (Appx. Doc 56-6).[2] His remarks were not slanderous, nor unduly repetitive, nor did they disrupt or impede the orderly conduct of the meeting. Furthermore, despite Sergeant Wright's street experience, the statement could not be considered a threat.[3] "True threats encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359, (2003). There were numerous armed police officers in attendance as well as a podium and dais between Dr. McDonough and Councilman Maldonado. There was no possibility of McDonough presenting a credible threat of violence at that meeting.[4]

Second, whether Dr. McDonough was provided a mechanism to return to the Council meetings is irrelevant to the reasonableness of the ban in the first place. If

---

[2] The comment was "[t]he last point I'd like to hit off with is, Mr. Maldonado, you know I'd appreciate if you got something to say to me, you say it to my face."

[3] The City also attempts to portray Dr. McDonough as stepping away from the podium before Sergeant Wright asked him to leave the meeting. The video, Doc 58-1, Exhibit P, shows McDonough only moving from the podium when an armed policeman (Wright) is coming towards him, clearly intending to stop his comments to the Council.

[4] Courts have also found policies restricting personally directed comments or language to be unconstitutionally vague and overbroad. *See Mama Bears of Forsyth Cnty.* v. *McCall*, 642 F. Supp 3d 1338, 1351 (N.D. Ga. 2022)

4

McDonough had taken up the City's offer to write a letter (presumably to the same people who imposed the ban) and it had been rejected, that would not have made the trespass order any more reasonable. On the other hand, if the City relented and allowed McDonough to return and speak at the September 2016 council meeting, that would not undo the unconstitutional trespass order that prevented him from speaking at the August 2016 meeting. This mechanism does not save an otherwise unconstitutional trespass order.[5]

Finally, the offer by Wright to allow McDonough to gain re-admission does not even exist in the City Council Rules of Decorum. The provisions to ban an individual and the procedures for readmittance, by a majority vote of the Council, were repealed in April of 2016. That made Wright's offer both non-existent and insincere.[6] In any event, as the panel stated in their opinion on page 23, writing a letter is an "…action described in such vague terms as to be functionally meaningless."

---

[5] On page 50 in footnote 14, the City attempts to shift the blame to McDonough because he did not further inquire of Wright to whom the letter should be written. Regardless, that would not have changed the posture of the case.

[6] The City's en banc brief does not discuss the repeal of the provisions nor the fact that McDonough was able to return to the December, 2016 Council meeting without even writing the letter.

5

## CONCLUSION

With all parties briefing the issue and presenting oral argument, this en banc panel should hear and determine whether the City violated McDonough's First Amendment rights. The case law is clear that the trespass order imposed on Dr. McDonough by the City was unconstitutional. Even though the City does not concede that point, their position to rely on the mechanism provided to permit McDonough to regain entry is untenable. The Court should reverse the District Court and grant McDonough's Motion for Summary Judgment.

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)**

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 29(d) because it contains 1,378 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), as calculated by the word-counting feature of Microsoft Word.

2. This brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: May 31, 2024

                                                                    */s/Alan Greenstein*
                                                                    Alan Greenstein

# CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Alan Greenstein*
Alan Greenstein

# SERVICE LIST

Alan Greenstein, Esq.
Alan J. Greenstein, P.A.
8121 S.W. 138th St.
Palmetto Bay, Fl. 33158
Email: agreenstein004@hotmail.com
*Attorney for the Appellant*

Matthew H. Mandel, Esq.
Anne K. Reilly, Esq.
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
200 East Broward Boulevard, Suite 1900
Fort Lauderdale, FL 33301
mmandel@wsh-law.com (primary)
areilly@wsh-law.com (primary)
*Attorneys for the Appellees*

Edward G. Guedes

7

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
2800 Ponce de Leon Blvd.
Coral Gables, Fl. 33134
eguedes@wsh-law.com
*Attorney for the Appellees*

8